IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION**, : <br> Plaintiff, : <br>  : <br> vs. : <br>  : <br> **ROBERT L. SONFIELD,** : <br> **DONALD C. BRADLEY,** : <br> **JEFFREY W. BRADLEY,** : <br> **JASON LANDESS,** : <br> **MARC LANE,** : <br> **ROGER BREWER,** : <br> Defendants, : <br>  : <br> And : <br>  : <br> **ALEXANDERIA K. BLANKENSHIP** : <br> Relief Defendant. : | Civil Action No. <br> **4:08-CV-2351** |

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENTS

Plaintiff Securities and Exchange Commission ("Commission") submits this Motion for Entry of Final Judgments and would respectfully show the Court as follows:

1. On July 20, 2016, the Court entered an order requiring the Commission to submit a proposed final judgment against all parties, including Alexanderia K. Blankenship. The Commission files this motion and the attached proposed final judgments and order, which, if entered by the Court, will completely resolve this litigation and moot all outstanding motions, including the Commission's Agreed Motion to Enter Agreed Final Judgments [Doc. 163] and Defendant Jason Landess's Motion on Dodd-Frank Act and Other Post-Judgment Disqualifications [Doc. 164].

*Donald C. Bradley and Jeffrey W. Bradley*

2. The Bradleys entered into consents with the Commission on January 10, 2011. [Doc. 95]. The Court entered judgments arising from those consents on March 17, 2011. [Docs. 100-101]. Those agreed judgments completely resolved this litigation as to the Bradleys, and there are no outstanding issues as to them.

*Robert Sonfield and Jason Landess*

3. On May 31, 2016, the Commission filed its Agreed Motion to Enter Agreed Final Judgments [Doc. 163]. On June 2, Defendant Landess filed his Motion on Dodd-Frank Act and Other Post-Judgment Disqualifications [Doc. 164].

4. Since the filing of Landess's motion, the parties have reached a settlement resulting in new agreed final judgments that will moot both these motions.

5. Defendant Sonfield's agreed final judgment is attached to this motion as Exhibit A. Defendant Sonfield agrees to the entry of the judgment.

6. Defendant Landess's agreed final judgment is attached to this motion as Exhibit B. Defendant Landess agrees to the entry of the judgment.

*Marc Lane and Roger Brewer*

7. On July 27, 2009, the Commission filed motions seeking default judgment against Defendants Marc Lane [Doc. 73] and Roger Brewer [Doc. 69]. The Court denied those motions without prejudice and noted that the motions could be re-urged when the Commission has ascertained the amount of liquidated damages. [Doc. 77].

8. On July 28, 2009, the Clerk of the Court entered two Clerk's Entry of Default as to Defendants Marc Lane and Roger Brewer. [Docs. 75-76]

9. The Commission now re-urges and incorporates herein the motions for default judgment against Defendants Lane and Brewer.

10. By his default, a defendant admits the well-pleaded allegations of fact in the plaintiff's complaint. *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003); *Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The Commission has pled facts sufficient to demonstrate that Defendants Lane and Brewer violated Section 5 of the Securities Act and Sections 13(d) and 16(a) of the Exchange Act and Rules 13d-1 and 16a-3 thereunder. As a result of these violations, the Commission seeks judgments against Lane and Brewer awarding injunctions, disgorgement, prejudgment interest, penalties, and penny stock bars.

*Injunctions*

11. An injunction based on the violation of the securities laws is appropriate if the Commission demonstrates a reasonable and likelihood that the defendant will violate the securities laws in the future if he is not enjoined. *SEC v. Pros Int'l Inc*., 994 F.2d 767, 769 (10th Cir. 1993). The allegations show that Lane and Brewer served as the offshore promoter for stock of a public company, transacted business using various United States brokerage accounts and international bank accounts. This indicates a familiarity with and practice in the securities industry. Moreover, as evidenced by their default, Lane and Brewer have neither recognized their wrongful conduct nor given any assurances against future violations. In these circumstances, injunctive relief is appropriate. Accordingly, injunctions are proper against Lane and Brewer as to Section 5 of the Securities Act and Sections 13(d) and 16(a) of the Exchange Act and Rules 13d-1 and 16a-3 thereunder.

12. Likewise, it is appropriate to bar them from participating in the offer of penny stocks. *See* Section 20(g) of the Securities Act and Section 21(d)(6) of the Exchange Act (providing for the issuance of penny stock bars). Lane and Brewer satisfied the standards set forth in those sections when they acquired and sold shares of Exobox stock in violation of the federal securities laws.

*Disgorgement*

13. Disgorgement is "meant to prevent the wrongdoer from enriching himself by his wrongs." *SEC v. Huffman*, 996 F.2d 800, 802-03 (5th Cir. 1993); *see also SEC v. AMX Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993); *SEC v. Blatt*, 583 F.3d 1325, 1335 (5th Cir. 1978). By preventing unjust enrichment, disgorgement also has the effect of "deterring violations of law." *CFTC v. British American Commodity Options Corp.*, 788 F.2d 92, 94 (2d Cir.), *cert. denied*, 479 U.S. 853 (1986). "The deterrent effect of an SEC enforcement action would be greatly undermined if securities law violators were not required to disgorge illicit profits." *SEC v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082, 1104 (2d Cir. 1972).

14. "The District Court has broad discretion not only in determining whether or not to order disgorgement but also in calculating the amount to be disgorged." *Huffman*, 996 F.2d at 802; *see also AMX Int'l, Inc.*, 7 F.3d at 73; *SEC v. AmeriFirst Funding, Inc.*, 2008 U.S. Dist. LEXIS 36782 (N.D. Tex. 2008); *SEC v. Reynolds*, 2008 U.S. Dist. LEXIS 65669 (N.D. Tex. 2008). The law does not require precision in determining the proper amount of disgorgement, rather "disgorgement need only be a reasonable approximation of profits causally connected to the violation." *Id.*; *see also Allstate Ins. Co. v. Receivable Fin. Co. LLC*, 501 F.3d 398, 413 (5th Cir. 2007).

15. Once the Commission presents evidence reasonably approximating the amount of ill-gotten gains, the burden of proof shifts to the defendant. *See SEC v. ConnectAJet.com, Inc.*, 2011 U.S. Dist. LEXIS 130215, 2011 WL 5509896, at *7 (N.D. Tex. Nov. 9, 2011); *AmeriFirst Funding, Inc.*, 2008 U.S. Dist. LEXIS at *4; *SEC v. First City*, 890 F.2d 1215, 1232 (D.C. Cir. 1989). The defendant is then "obliged clearly to demonstrate that the disgorgement figure [is] not a reasonable approximation." *First City*, 890 F.2d at 1232; *Reynolds*, 2008 U.S. Dist. LEXIS at *7.

16. As alleged in paragraphs 45- 48 of the Commission's Complaint, Defendants Lane and Brewer controlled a group of entities that received approximately 8 million Exobox shares that they sold for proceeds of approximately $2.8 million.

17. As shown in the Declaration of Robert C. Hannan, attached hereto as Exhibit C, the Commission has ascertained the actual amount of Lane and Brewer's ill-gotten gains as $2,761,953.01. Accordingly, the Commission seeks disgorgement from Lane and Brewer, jointly and severally, in the amount of $2,761,953.01.

*Prejudgment Interest*

18. It is well-settled that courts may add prejudgment interest to a defendant's disgorgement amount to prevent him from benefitting from the use of ill-gotten gains interest-free. *Blatt*, 583 F.2d at 1325. Whether to award prejudgment interest is within the district court's discretion. *SEC v. United Energy Partners, Inc.*, 88 F. App'x 744, 747 (5th Cir.) (per curiam), *cert. denied sub nom.*, *Quinn v. SEC*, 543 U.S. 1034 (2004); *SEC v. Gunn*, 2010 U.S. Dist. LEXIS 88164 (N.D. Tex. 2010). When, as here, a wrongdoer enjoyed access to funds over a prolonged period as a result of the wrongdoing, ordering payment of prejudgment interest is consistent with the equitable purpose of the disgorgement remedy. *See SEC v. Hughes Capital*

*Corp.*, 917 F. Supp. 1080, 1090 (D.N.J. 1996)(ordering prejudgment interest comports with fundamental notions of fairness, because defendants had benefit of nearly $2 million for nine years). Lane and Brewer should be ordered to pay prejudgment interest because they enjoyed the benefit of their ill-gotten gains, offending basic principles of justice and equity.

19.   The IRS underpayment of federal income tax rate [26 U.S.C. § 6621(a)(2)] is appropriate for calculating prejudgment interest in enforcement actions. That rate of interest "reflects what it would have cost to borrow the money from the government and therefore reasonably approximates one of the benefits the defendant derived from the fraud." *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1476 (2d Cir. 1996). Based on a principal disgorgement amount of $2,761,953.01, application of the tax underpayment rate from the filing of the Commission's Complaint in July 2008 results in a total prejudgment interest amount of $3,643,648.17.

*Penalties*

20.   Further, the Commission also seeks penalties against Defendants Lane and Brewer. The following factors are relevant in determining whether a civil penalty is appropriate and, if so, in what amount: (1) the egregiousness of the violations at issue; (2) the defendant's degree of scienter; (3) the repeated nature of the violations; (4) the defendant's failure to admit wrongdoing; (5) whether the violations created substantial losses or the risk thereof; (6) the defendant's lack of cooperation or honesty with authorities; and (7) whether the penalty should be reduced because of the defendant's demonstrated current and future financial condition. *SEC v. Snyder,* 2006 WL 6508273, at *11 (Aug. 22, 2006) (*citing SEC v. Lybrand,* 281 F.Supp.2d 726, 730 (S.D.N.Y.2003)).

21.   There is little doubt that Lane and Brewer's conduct was egregious and they acted with a high degree of scienter. Because they were knowingly selling stock in unregistered offerings,

the counterparties to their transactions lacked the protections provided by registration. And they also failed to comply with the requirements that they disclose the size of their Exobox holdings. Likewise, this was not a one-time lapse in judgment or reckless mistake. To the contrary, Lane and Brewer repeatedly and flagrantly improperly sold shares to their financial advantage and to the detriment of their counterparties, who purchased worthless stock. Similarly, Lane and Brewer have wholly ignored this proceeding. And there is no evidence indicating that their current financial condition supports a lower penalty. In short, all the factors weigh in favor of a substantial penalty.

22. The securities laws provide for three tiers of penalties of increasing amounts based on the nature of the violation. A third tier violation is available where the defendant shows a deliberate or reckless disregard of a regulatory requirement and that violation directly or indirectly results in substantial losses or created a significant risk of substantial losses to others. Section 20(d)(2)(C) of the Securities Act [15 U.S.C. § 77t(d)(2)(C)]; Section 21(d)(3)(B)(iii) of the Exchange Act [15 U.S.C. § 78u(d)(3)(B)(iii)]. As shown above, Lane and Brewer's conduct meets this standard and a third-tier penalty is appropriate. Based on the timing of their conduct, a third-tier penalty can range from $0 up to the maximum of $130,000[1] *per violation* or the amount of their pecuniary gain—$2,761,953.01—whichever is greater. The Commission asks the Court to set an appropriate penalty.

23. Proposed final judgments as to Defendants Lane and Brewer are attached to this motion as Exhibits D and E.

### *Alexanderia K. Blankenship*

24. Under Federal Rule of Civil Procedure 41(a)(2), the Commission requests that the Court dismiss the Commission's claim against Relief Defendant Alexanderia K. Blankenship.

---

[1] On August 1, 2016, this amount will be $178,156. *See* 17 C.F.R. § 201.1001 and Table I to Subpart E to Part 201.

25. A proposed order dismissing Relief Defendant Blankenship is attached to this motion as Exhibit F.

The Commission respectfully requests that the Court enter the attached final judgments and order.

Dated:  July 26, 2016 	Respectfully submitted,

*s/ David B. Reece*
DAVID B. REECE
Attorney-in-Charge
Texas Bar No. 24002810
Southern District Bar No. 896560
TIMOTHY L. EVANS
Texas Bar No. 24065211
Southern District Bar No. 1742859
SECURITIES AND EXCHANGE COMMISSION
Fort Worth Regional Office
801 Cherry Street, 19th Floor
Fort Worth, Texas 76102
(817) 978-6476 (Reece)
(817) 978-5036 (Evans)
(817) 978-4927 (fax)
reeced@sec.gov
evanstim@sec.gov

# **CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2016, I electronically filed the foregoing *Plaintiff's Motion for Entry of Final Judgments* with the Clerk of the Court for the Southern District of Texas, by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF participants,

David B. Reece, *Counsel for Securities and Exchange Commission*
Timothy Evans, Counsel for Securities and Exchange Commission
Robert M. Corn, *Counsel for Sonfield*
John R. Fahy, *Counsel for Landess*
James D. Pierce, *Counsel for Blankenship*

I further certify that on July 26, 2016, I served a true and correct copy of the foregoing *Plaintiff's Motion for Entry of Final Judgments* and the notice of electronic filing by depositing a copy thereof in an authorized Federal Express depository at Fort Worth, Texas, with overnight express charges prepaid and addressed to the following parties and persons entitled to notice that are non-CM/ECF participants:

Marc Lane
San Andres Golf
Avenida Luxemburgo #114
Chiclana de la Frontera
Cadiz, Spain 11130

Roger Brewer
The Old Coach House
Kenegi Manor, Gulval
Penzance, England
United Kingdom TR 20 8 YN

> */s/ David B. Reece*
> DAVID B. REECE